UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LISA A. GARRISON,                                    Case No. 1:13-cv-01671-HA

       Plaintiff,                                OPINION AND ORDER

    v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

HAGGERTY, District Judge:

      Plaintiff Lisa A. Garrison seeks judicial review of a final decision by the Acting

Commissioner of the Social Security Administration denying her applications for Supplemental

Security Income (SSI) and Disability Insurance Benefits (DIB). This court has jurisdiction to

review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the

record, this court concludes that the Acting Commissioner's decision must be REVERSED and

REMANDED FOR FURTHER PROCEEDINGS.

OPINION AND ORDER - 1

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

OPINION AND ORDER - 2

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## BACKGROUND

Plaintiff was born in 1965 and was forty-three years old at the time of her alleged disability onset date. She protectively filed her applications for Title II and Title XVI disability benefits on September 16, 2009, alleging an onset date of September 3, 2009. Plaintiff's alleged

OPINION AND ORDER - 3

disability was based on a number of physical and mental impairments, including: vision

impairments, obesity, spondylosis with degenerative changes of the lumbar spine, adjustment

disorder with symptoms of depression and anxiety, and pain disorder. Plaintiff's applications

were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) conducted a

video hearing on January 26, 2012. The ALJ heard testimony from plaintiff, who was

represented by counsel, and an impartial vocational expert (VE). On March 2, 2012, the ALJ

issued a decision finding that plaintiff was not disabled as defined under the Social Security Act.

At step one, the ALJ found that plaintiff had not engaged in SGA since September 16,

2009. Tr. 58, Finding 1.[1] At step two, the ALJ found that plaintiff suffered from the following

severe impairments: left eye blindness, obesity, spondylosis with degenerative changes of the

lumbar spine, adjustment disorder with symptoms of depression and anxiety, and pain disorder

associated with psychological factors and a general medical condition. Tr. 59, Finding 2. At step

three, the ALJ determined that plaintiff's severe impairments did not meet or equal a listed

impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 60, Finding 3. At step four, the

ALJ determined that plaintiff has the RFC to lift and carry ten pounds occasionally and less than

ten pounds frequently; sit for six hours in an eight hour day and stand and walk for two hours in

an eight hour day; occasionally engage in postural activities; occasionally climb stairs and ramps

but not ladders, ropes, or scaffolds; and occasionally use her depth perception and field of vision.

Tr. 62, Finding 5. In addition, the RFC limited plaintiff to simple work, with no public contact

and occasional interaction with coworkers and supervisors. *Id.*

Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER - 4

was unable to perform any of her past relevant work. Tr. 67, Finding 5. At step five, however, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy including work as a film touch-up inspector, addresser, or final assembler. Tr. 69, Finding 9. Therefore, the ALJ found that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff argues that the ALJ erred in a number of ways. First, plaintiff claims that the ALJ failed to give proper weight to the opinions and conclusions of some of the expert testimony and instead substituted his own opinions. Second, plaintiff contends that the ALJ rejected part of her testimony regarding the intensity of her pain and other symptom testimony for less than clear and convincing reasons. Third, plaintiff argues that the ALJ improperly rejected the lay witness testimony of plaintiff's sister. Fourth, plaintiff asserts that the ALJ did not properly consider the combined effect of plaintiff's multiple impairments in determining the severity of her disability. Fifth, plaintiff asserts that, because of these failures, the ALJ improperly relied on the VE testimony in determining that plaintiff could perform other work existing in significant numbers in the national economy. Finally, plaintiff argues that the ALJ's decision is not supported by substantial evidence in light of the new evidence that she submitted to the Appeals Council. This court will address each of plaintiff's arguments individually.

### 1.    Expert Testimony

In plaintiff's opening brief, she states that the ALJ erred by failing to provide specific and legitimate reasons for rejecting the medical opinions of plaintiff's treating and examining

OPINION AND ORDER - 5

physicians. Plaintiff also asserts that the ALJ substituted his own opinion for that of plaintiff's treating and examining physicians. In support of these arguments, plaintiff provides a lengthy recounting of her medical history but with almost no legal authority to put this into context or to specify where exactly the ALJ erred. Essentially, plaintiff's opening brief invites the court to search her summary of the medical record for any argument that the ALJ erred in analyzing the evidence. The Ninth Circuit has made clear that the court will not "manufacture arguments" for a plaintiff and the court will "review only issues which are argued specifically and distinctly in a party's opening brief." *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citations and quotations omitted). In this case, plaintiff has failed to support her argument that the ALJ erred in analyzing the medical evidence or in substituting his own opinion in place of the medical evidence.

Moreover, neither the medical record, nor plaintiff's summary of the record contains evidence of medical opinion that is inconsistent with the RFC. In plaintiff's reply brief, she directs the court to several portions of the record demonstrating that the ALJ misinterpreted the testimony of Dr. Julia Falardeau, who examined plaintiff for vision loss in her right eye in January 2012. Plaintiff argues that the ALJ failed to take into account Dr. Falardeau's findings regarding plaintiff's deteriorating vision in her right eye. However, Dr. Falardeau's diagnosis is not as clear cut as plaintiff suggests. While Dr. Falardeau did note that she showed "severe generalized loss in both eyes," she also found that plaintiff's visual behavior was "absolutely normal," that she maintained good eye contact, that she had no difficulty navigating around the clinic without assistance, and that a July 2011 brain MRI and MRA showed nothing abnormal. Tr. 719. The ALJ also cited the opinion of Dr. Scott Stevens, who in July 2011 also said plaintiff's MRI and MRA looked normal and that she had a healthy looking eye on a dilated

OPINION AND ORDER - 6

fundus exam. Tr. 722. The ALJ is the "final arbiter" regarding the resolution of ambiguities in the medical evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Thus, the ALJ did not err in its interpretation of Dr. Falardeau's report. The ALJ, in formulating plaintiff's RFC, took into account plaintiff's vision by limiting her to the occasional use of her depth perception and field of vision. Tr. 62, Finding 5. Thus, plaintiff has failed to show that the ALJ misinterpreted the testimony of Dr. Falardeau.

### 2.    Plaintiff's Testimony

Plaintiff asserts that the ALJ erred by failing to provide clear and convincing reasons for finding that plaintiff's testimony is less than fully credible. An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may consider many factors in weighing a claimant's credibility, including ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, other testimony by the claimant that appears less than candid, and inadequately explained failures to seek treatment or to follow a prescribed course of treatment. *Smolen*, 80 F.3d at 1284. A claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

The ALJ believed plaintiff to be "not clearly malingering," but said that the objective

OPINION AND ORDER - 7

medical evidence, her inconsistent statements and effort, her efforts to impede accurate testing

and evaluation, her limited treatment history in light of her claimed disability, and the

inconsistency between her daily activities and alleged degree of impairment led the ALJ to give

little weight to plaintiff's allegations of her disabling symptoms. Tr. 66-67, Finding 4. The ALJ

considered a number of factors in deciding that plaintiff's testimony was not credible, and this

court finds that the ALJ provided clear and convincing evidence for discrediting plaintiff's

testimony.

### 3.    Lay Testimony

Plaintiff further contends that the ALJ improperly rejected the lay witness testimony of

plaintiff's sister, Kim Fairchild. Lay testimony regarding a claimant's symptoms "is competent

evidence that an ALJ must take into account, unless [the ALJ] expressly determines to disregard

such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236

F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay

testimony, but need not "clearly link his determination to those reasons." *Id.* at 512. However,

the germane reasons given by the ALJ must also be specific. *Bruce v. Astrue*, 557 F.3d 1113,

1115 (9th Cir. 2009). A legitimate reason to discount lay testimony is that it conflicts with

medical evidence. *Lewis*, 236 F.3d at 511. But the ALJ cannot discredit lay testimony merely

because it is not supported by, or corroborated by, medical evidence in the record. *Bruce*, 557

F.3d at 1116.

Here, the ALJ discounted Fairchild's testimony because she had insufficient contact with

plaintiff and because her account conflicted with the medical evidence. Tr. 67, Finding 4. In

*Lewis*, the ALJ rejected testimony by the claimant's family members as contrary to "documented

medical history and findings and prior record statements" without further explanation. 236 F.3d

OPINION AND ORDER - 8

at 511. The Ninth Circuit held that this was not error, because the ALJ had explained the contradictory medical evidence and statements elsewhere in the decision. *Id.* at 512. Here, the ALJ notes throughout his decision the medical evidence he has credited for finding that plaintiff is not disabled. Based upon these standards, the court finds that ALJ gave specific and germane reasons for discounting Fairchild's testimony.

### 4.    Plaintiff's Combined Impairments

Plaintiff claims that the ALJ failed to consider plaintiff's impairments in combination in step three of his analysis, but offers no support for this aside from a list of unannotated citations and conclusory statements. A claimant is impaired if the ALJ finds the claimant to have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. "Medical equivalence will be found 'if the medical findings are at least equal in severity and duration to the listed findings'" and is "determined on the basis of a comparison between the 'symptoms, signs and laboratory findings' about the claimant's impairment as evidenced by the medical records 'with the medical criteria shown with the listed impairment.'" *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (quoting 20 C.F.R. § 404.1526). However, an ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Although the ALJ did not specifically discuss the effect of plaintiff's combined impairments, plaintiff does not present evidence of the specific listing condition she believes she would have met if the ALJ had considered her impairments in combination. The ALJ discussed all of plaintiff's severe impairments and concluded that she "does not have an impairment or

OPINION AND ORDER - 9

combination of impairments" that meets the severity of one of the listed impairments in step three. Tr. 60, Finding 3. The ALJ stated that he considered the entire record in formulating plaintiff's RFC. Tr. 62, Finding 42. Thus, the court finds that the ALJ committed no reversible error in considering the combined effects of plaintiff's impairments.

### 5.    Vocational Expert Testimony

Plaintiff argues that because the ALJ relied on the answers from the VE that were not based upon all of plaintiff's limitations, the VE's testimony has no evidentiary value. In making that determination at step five, the ALJ may elicit testimony from a VE, but the "[h]ypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (citations omitted). However, if a VE's hypothetical does not reflect all the claimant's limitations, then the "expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Delorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).

In this case, because the court has found that the ALJ properly considered all the evidence before him, the ALJ raised proper hypotheticals to the VE and properly relied on the VE's testimony regarding whether jobs existed in significant numbers in the national economy that plaintiff can perform.

### 6.    New Evidence Submitted to the Appeals Council

Plaintiff finally argues that the ALJ's decision is not supported by substantial evidence in light of the new evidence that she submitted to the Appeals Council. After the ALJ issued her decision in February 2012, plaintiff submitted additional evidence regarding plaintiff's 2012 records from the Klamath County Department of Mental Health. Most notably, on January 30, 2012, plaintiff was given a bio-psychosocial assessment by Karen Nielsen, Qualified Mental

OPINION AND ORDER - 10

Health Professional, and, on February 28, 2012, a psychiatric diagnostic review by Patrice

Lalonde, a Master of Nursing and Psychiatric-Mental Health Nurse Practitioner. Tr. 738-769.

Both Neilsen and Lalonde diagnosed plaintiff with a number of impairments not considered by

the ALJ, including posttraumatic stress disorder, psychotic disorder NOS, and alcohol induced

persistent dementia. Tr. 741, 764.

Pursuant to 20 C.F.R. § 404.976(b)(1), evidence that is newly submitted to the Appeals

Council will be considered as follows:

> The Appeals Council will consider all the evidence in the administrative law
> judge hearing record as well as any new and material evidence submitted to it
> which relates to the period on or before the date of the administrative law judge
> hearing decision. If you submit evidence which does not relate to the period on or
> before the date of the administrative law judge hearing decision, the Appeals
> Council will return the additional evidence to you with an explanation as to why it
> did not accept the additional evidence and will advise you of your right to file a
> new application ....

When the Appeals Council denies review, the decision of the ALJ is the final decision of the

Commissioner. *Russell v. Brown*, 856 F.2d 81, 83–84 (9th Cir. 1988). However, any additional

evidence considered by the Appeals Council in denying the request for review becomes part of

the administrative record for review by the district court. *Brewes v. Astrue*, 682 F.3d 1157, 1163

(9th Cir. 2012). New evidence is material if it bears directly and substantially on the matter in

dispute. *Borrelli v. Comm'r of Soc. Sec.*, No. 12-16189, 2014 WL 1492736, *1 (9th Cir. Apr. 8,

2014) (citations omitted). "Remand is necessary where the material evidence gives rise to a

'reasonable possibility' that the new evidence might change the outcome of the administrative

hearing." *Id.* (citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th

Cir.1984)).

In this case, the Appeals Council rejected plaintiff's additional evidence as untimely. The

OPINION AND ORDER - 11

Appeals Council stated that the additional medical evidence from the Klamath County Mental Health was dated "September 28, 2012 to January 28, 2013," and that the later records had no bearing on the ALJ's decision whether plaintiff was disabled on March 2, 2012. Tr. 2. However, the latest date in the record concerns plaintiff's psychiatric diagnostic review with Patrice Lalonde on February 28, 2012. The Appeals Council did not opine on the merits of this evidence, merely stating that it did not alter the ALJ's decision. These records concern new information about plaintiff prior to the ALJ's decision that the ALJ did not consider regarding plaintiff's posttraumatic stress disorder, psychotic disorder NOS, and alcohol induced persistent dementia. Tr. 741, 764. Because these records are relevant to plaintiff's mental health at the time of the ALJ's decision and are a more recent account than the mental health evidence the ALJ relied on in his decision, the court finds that this new evidence gives rise to a reasonable possibility that the outcome would have changed. Therefore, remand is appropriate to determine whether this new evidence is outcome determinative. *Borrelli*, 2014 WL 1492736 at \*1.

**4.     Remand**

A court may remand a Social Security disability case for either further proceedings or for the immediate payment of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). It is appropriate to remand for further proceedings in a case in which adequate findings remain necessary for determining eligibility for disability benefits. *Light v. Social Sec. Admin.*, 119 F.3d 669, 793 (9th Cir. 2000).

OPINION AND ORDER - 12

This court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful. Upon remand, the ALJ shall address the additional mental health evaluations that plaintiff submitted to the Appeals Council and that took place subsequent to her hearing with the ALJ on January 26, 2012 and prior to his decision on March 2, 2012.

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Lisa A. Garrison's applications for DIB and SSI must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this _7_ day of October, 2014.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER - 13