IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA A. GARRISON,                                    No. 1:13-cv-01671-HZ

        Plaintiff,                              OPINION & ORDER

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Arthur W. Stevens III
BLACK, CHAPMAN, WEBBER & STEVENS
221 Stewart Ave., Suite 209
Medford, OR 97501

    Attorney for Plaintiff

S. Amanda Marshall
United States Attorney, District of Oregon
Ronald K. Silver
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Lars J. Nelson
Special Assistant United States Attorney
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Lisa Garrison's counsel presently seeks an award of $5,382.85 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and costs in the amount of $20.40. Defendant opposes the fee request, arguing that the government's position was substantially justified and the requested fees are unreasonable. The Court disagrees, and grants Plaintiff's application for fees and costs.

## BACKGROUND

      After the Administrative Law Judge (ALJ) issued her decision in February 2012, which found Plaintiff not disabled, Plaintiff submitted additional evidence from the Klamath County Department of Mental Health regarding Plaintiff's mental health. <u>Garrison v. Comm'r Soc. Sec. Admin.</u>, No. 1:13-CV-01671-HA, 2014 WL 5018811, at *6 (D. Or. Oct. 7, 2014). Most importantly, Plaintiff submitted a bio-psychosocial assessment and a psychiatric diagnostic review, both of which diagnosed Plaintiff with a number of impairments not considered by the ALJ, including post-traumatic stress disorder, psychotic disorder NOS, and alcohol-induced persistent dementia. <u>Id.</u> The Appeals Council erroneously rejected Plaintiff's additional evidence as untimely. <u>Id.</u> Therefore, District of Oregon Judge Haggerty reversed the ALJ's decision and remanded for consideration of whether the new evidence submitted to the Appeals Council would change the outcome of the ALJ's decision. <u>Id.</u>

///

**STANDARDS**

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez–Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, there is no dispute that Plaintiff was the prevailing party.

**DISCUSSION**

Defendant argues that the government's position was substantially justified and the requested attorney's fees are unreasonable. Defendant's arguments are unavailing.

I.    Substantial Justification

The burden is on the Commissioner to show that his position was substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n. 2 (9th Cir. 2010). Although "Congress did not intend fee shifting [under EAJA] to be mandatory [,]" "EAJA creates a presumption that fees will be awarded to prevailing parties." Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). To establish that its position was substantially justified, the government must show that the underlying decision by the ALJ had "a reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Renee v. Duncan, 686 F.3d 1002, 1017 (9th Cir. 2012).

The essence of Judge Haggerty's decision is that the Appeals Council erred in determining that the supplemental mental health records had no bearing on whether Plaintiff was disabled. It appears that the Appeals Council made a mistake in determining the dates of the new

3 - OPINION & ORDER

mental health evidence. Therefore, the Council did not consider the merits of the evidence because it did not consider the evidence relevant to the ALJ's disability determination. This failure to consider the new evidence means the Commissioner's position lacked a reasonable basis in fact, making it not substantially justified.

This case is unlike the recent unpublished Ninth Circuit memorandum opinion cited by Defendant, in which the Court denied EAJA fees where remand was based solely on newly submitted evidence. See Linge v. Colvin, No. 13-35430, 2015 WL 223553, at *1 (9th Cir. Jan. 16, 2015). In Linge, the new evidence at issue was a report indicating that the claimant may have sleep apnea and it did not discuss limitations clearly at odds with the ALJ's determination of the claimant's residual functional capacity (RFC). In contrast, here the new reports regarding Plaintiff's mental health are likely at odds with the ALJ's findings of Plaintiff's RFC, as the reports are relevant to Plaintiff's mental health at the time of the ALJ's decision. As Judge Haggerty noted, "this new evidence gives rise to a reasonable possibility that the outcome would have changed." Garrison v. Comm'r Soc. Sec. Admin., No. 1:13-CV-01671-HA, 2014 WL 5018811, at *6 (D. Or. Oct. 7, 2014).

II.     Reasonableness of Fees

As to the amount of fees requested, an award of attorney's fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The district court possesses "considerable discretion" in determining the reasonableness of a fee award. Webb v. Ada Cnty., 195 F.3d 524, 527 (9th Cir. 1999); see also, Keyser v. Astrue, No. 01:08–cv–01268–CL, 2012 WL 78461, at *3 (D. Or. Jan. 10, 2012) (district court exercises discretion in awarding fees under EAJA). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate.

Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397–98 (citation omitted). Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433–34.

Defendant does not oppose the requested $20.40 in expenses from certified mailing of summonses. These costs are reasonable and properly awarded under EAJA. 28 U.S.C. § 2412(a)(1) (EAJA allows prevailing party to recover costs as enumerated in 28 U.S.C. § 1920); 28 U.S.C. §§ 2412(b), 2412(d)(1)(A) (EAJA entitles prevailing party to other "expenses" in addition to the costs allowed under subsection (a)(1)); Int'l Woodworkers Of Am. v. Donovan, 792 F.2d 762, 767 (9th Cir. 1985) (upholding EAJA award including costs for telephone calls, postage, air courier, and attorney travel expenses); League of Wilderness Defenders–Blue Mountains Biodiversity Project v. Smith, 491 F.Supp.2d 980, 989 (D. Or. 2007) (EAJA award included filing fee, travel expenses, and postage).

However, Defendant contends that deficiencies in Plaintiff's briefing constitute special circumstances that render an award of fees unjust or unreasonable. Defendant primarily argues that Plaintiff misled the Court in her briefing and submitted an opening brief devoid of legal argument. Plaintiff explains in her reply that while the brief may have suffered from "poor drafting" and a lack of clarity, there was no intent to mislead the Court. The Court finds that,

5 - OPINION & ORDER

while Plaintiff's briefing is not a model of clarity, there is no evidence of an intent to mislead the Court. Defendant does not cite, and this Court does not find, precedent for denying EAJA fees due to a less than exemplary work product.

Finally, Defendant urges the Court to reduce Plaintiff's requested hours by 10.3 hours—the time Plaintiff's counsel claims he spent preparing the opening brief for the federal court proceeding. Defendant contends that the brief "is largely copied from the earlier briefing already submitted to the Appeals Council." Def.'s Resp. 8. The Court compared Plaintiff's Appeals Council brief (Tr. 298-319) with the opening brief (ECF 22) and does not find the requested fees excessive or unreasonable. While the briefs are largely identical, it is clear that Plaintiff's counsel spent some time adapting the Appeals Council brief for filing in federal court. In addition, Plaintiff's counsel submits a detailed explanation of how he spent the 10.3 hours in question. Given the length and importance of the opening brief, it is credible that counsel may have worked the entirety of the hours claimed. Therefore, the Court finds the fees reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for Fees and Expenses [24] pursuant to EAJA is GRANTED. Plaintiff is awarded attorney's fees and costs in the amount of $5403.25.

IT IS SO ORDERED.

Dated this \_\_10\_\_ day of \_\_FEBRUARY\_\_, 2015

_/s/ Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge

6 - OPINION & ORDER